1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THOMAS & KATHLEEN GARLAND      )
FAMILY TRUST, *et al.*,        )
                               )      Case No.: 2:15-cv-00758-GMN-GWF
            Plaintiffs,        )
                               )      **ORDER**
       vs.                     )
                               )
OLYMPIA FUNDING, INC., a California )
corporation, *et al.*,         )
                               )
            Defendants.        )
_____ )

　　　Pending before the Court is the Motion to Remand (ECF No. 7) filed by Plaintiffs
Thomas & Kathleen Garland Family Trust and Courtney Dolan (collectively, "Plaintiffs").
Defendants BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP
("BANA"), The Bank of New York Mellon, as trustee of CWALT, Inc., Alternative Loan Trust
A-2004-24CB ("BNYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and
MERSCORP, Inc. ("MERSCORP") (collectively, "Defendants") filed a Response (ECF No.
10), and Plaintiffs filed a Reply (ECF No. 11).

## I.　　BACKGROUND

　　　Plaintiff originally filed this action in state court on February 11, 2015. (Compl., ECF
No. 1-1).  On April 23, 2015, Defendant BNYM removed the action to this Court. (Pet.
Removal, ECF No. 1).  In its Removal Petition, BNYM asserted that it was served by Plaintiffs
with the summons and complaint in this case on March 20, 2015. (*Id.* ¶ 6).  Likewise, in its
Statement Regarding Removed Action, BNYM reasserted that it was served by Plaintiffs with a
copy of the summons and complaint in this case on March 20, 2015. (Stmt. Removal ¶¶ 1–2,
ECF No. 6).

Defendants filed a Motion to Dismiss, asserting that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 4).  Plaintiffs filed the instant Motion to Remand, asserting that BNYM's removal was untimely. (5:20–6:6, ECF No. 7).

## II.   LEGAL STANDARD

Defendants may remove a case to the United States District Court that could have been originally brought there, so long as all defendants consent to removal within thirty days of being served with the complaint and no defendant who has been joined and served is a forum resident. *See* 28 U.S.C. § § 1441, 1446.  Consent to removal must be unanimous. *Chi., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).  "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).  A defendant must remove within thirty days of being formally served with the summons and receiving actual notice of the complaint, through service or otherwise. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  A defendant has the burden of proving proper removal by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

## III.   DISCUSSION

Based on the assertions made by BNYM in its  Petition of Removal and Statement Regarding Removed Action, BNYM was served by Plaintiff with a copy of the summons and complaint in this case on March 20, 2015. (Pet. Removal ¶ 6; Stmt. Removal ¶¶ 1–2). However, BNYM removed to this Court on April 23, 2015—34 days after BNYM was served. (Pet. Removal).  Accordingly, BNYM's removal appears to have not been timely.

However, in its Response to Plaintiffs' Motion to Remand, BNYM makes two arguments as to why its removal was, in fact, timely. First, BNYM asserts that Plaintiff's service on BNYM was not proper. (Response 3:16–4:7). However, BNYM waived defenses relating to insufficiency of Plaintiffs' service of process when it failed to raise such a defense in its previously filed Motion to Dismiss. Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A). *See also Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002). Accordingly, for purposes of removability, BNYM was properly served on March 20, 2015.

Second, BNYM asserts that its removal was timely under the "later-served" defendant rule. (Response 4:8–25). Under the later-served defendant rule, "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). However, "[t]his rule doesn't go so far as to give already-served defendants a new thirty-day period to remove whenever a new defendant is served, as that could give a defendant more than the statutorily prescribed thirty days to remove." *Id.* Thus, BNYM had thirty days to remove from the date it was served by Plaintiffs, and the later dates when other defendants, like BANA, were served did not extend BNYM's own April 20, 2015 removal deadline. Accordingly, because BNYM filed its Notice of Removal after April 20, 2015, removal was untimely and the Court must remand this case back to state court.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this 10th day of August, 2015.

Gloria M. Navarro, Chief Judge
United States District Judge